FILED

DEC 27 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED R. KIDD,<br><br>    Plaintiff,<br><br>vs.<br><br>B. POWELL, et al.,<br><br>    Defendants. | No. C 11-04260 EJD (PR)<br><br>ORDER PARTIALLY GRANTING MOTION TO DISMISS<br><br><br><br>(Docket No. 32) |

    Plaintiff, a state prisoner, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against prison officials for unconstitutional acts that occurred at Salinas Valley State Prison. Finding the complaint, when liberally construed, stated cognizable claims, the Court ordered service upon Defendants. Defendants filed a motion to dismiss the complaint, (Docket No. 32), for failure to exhaust administrative remedies before filing the suit pursuant to 42 U.S.C. § 1997e(a). Plaintiff filed an opposition, and Defendants filed a reply.

**DISCUSSION**

A.   Statement of Facts

    Plaintiff claims that on August 18, 2009, Defendant Correctional Officers B. Powell and R. Carrasco used excessive force when they assaulted him after they placed him in a holding cage pending his placement in administrative segregation. (Compl. at 4-

5.) Plaintiff claims that Defendant J. Martin was present but did nothing to prevent the assault. (Id. at 5.) Plaintiff also claims that Defendants I.S.U. Officer Wilson, J. Ruiz, Lopez and Meyer failed to investigate the attack after Plaintiff reported the incident. (Id.) Plaintiff claims that Defendant G. Gudino and Nurse Krossa failed to provide him adequate medical treatment for his injuries. (Id. at 6, 7-8.)

On February 3, 2012, the Court issued an order of service identifying an Eighth Amendment claim due to the use of excessive force and deliberate indifference to his serious medical needs. (Docket No. 18.)

B.  Standard of Review

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. Id. at 85-86 (citing Booth, 532 U.S. at 734).

The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Id. at 93. This requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 84. "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." Id. at 92. Therefore, the PLRA exhaustion requirement requires proper exhaustion. Id. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id.

at 90-91 (footnote omitted). A prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. See id. at 87; see also Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005) (holding that, to exhaust remedies, a prisoner must file appeals in the place, and at the time, the prison's administrative rules require); Ross v. County of Bernalillo, 365 F.3d 1181, 1185-86 (10th Cir. 2005) (same).

The California Department of Corrections and Rehabilitation ("CDCR") provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 (referred to as a "602") and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member, (2) first formal level appeal filed with one of the institution's appeal coordinators, (3) second formal level appeal filed with the institution head or designee, and (4) third formal level appeal filed with the CDCR director or designee. Id. § 3084.5; Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th Cir. 2009); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). Barry, 985 F. Supp. at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. Jones v. Bock, 549 U.S. 199, 211 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. Jones, 549 U.S. at 215-17. As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Brown v.

Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. Wyatt, 315 F.3d at 1119. In deciding such a motion – a motion to dismiss for failure to exhaust nonjudicial remedies – the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

C.  Analysis

Defendants contend that Plaintiff failed to properly exhaust the claims raised in his complaint as required by the PLRA. (Mot. to Dismiss at 2.) This action involves an incident that occurred on August 18, 2009. Defendants argue that the only inmate appeal filed by Plaintiff related to this incident described events from September 1, 2009. (Id.) Defendants are partially correct in that prison officials construed plaintiff's inmate appeal as referring to events that occurred on September 1, 2009. (Decl. Kaestner, Ex. B.) However, a review of the inmate appeal, SVSP-09-03009, demonstrates that it described events on August 18-19, 2009, and September 1, 2009. (Id.)

In the appeal, plaintiff stated that on August 18, 2009, Defendants Powell and Carrasco were escorting him to a new cell. When they arrived at the new cell, Defendant Martin opened the cell door, and Powell pushed plaintiff into the back of the cell. Powell then kicked plaintiff in the upper left leg. Plaintiff attempted to kick Powell back, and then Powell kicked him on his right calf which started to bleed, and then plaintiff kicked Powell in the stomach. Powell then left the cell, closed the door and departed with Carrasco.

In the appeal, plaintiff stated that he later attempted to get Defendant Ruiz's attention, but Ruiz would not help and on the following day Ruiz provided Plaintiff with an appeal form. Defendant Wilson came to Plaintiff's cell to take a tray, and when Plaintiff told him what happened, Wilson stated he would contact a nurse. Later a nurse arrived, it appears Defendant Krossa, who gave Plaintiff an insulin shot. Defendant

Gudino also provided Plaintiff with an appeal form. Plaintiff told Defendant Meyer what occurred, and Meyer laughed. Defendant Lopez told Plaintiff that he did not care, when Plaintiff informed him about what occurred. There are also references to several other parties who were not named as Defendants in this action. Plaintiff eventually fully exhausted this appeal at the final level. While the allegations in the appeal are sufficient to exhaust against Powell and Carrasco, the allegations against the remaining Defendants are insufficient.

In Griffin v. Arpaio, 557 F.3d 1117 (9th Cir. 2009), the Ninth Circuit, noted that "the primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Id. at 1120 (citations omitted). In Griffin, the plaintiff failed to mention in his grievance that the remedy to his problem that had been ordered by a prison nurse had been ignored by the prison staff. Id., at 1118-19. As a result, the prison officials who were aware of the nurse's order, reasonably believed that the order solved the problem. In view of these facts, the Ninth Circuit concluded that the plaintiff failed to properly exhaust his administrative remedies because he did not provide notice of the prison staff's alleged disregard of the nurse's order and the prison was never alerted "to the nature of his problem." Id. at 1121.

Plaintiff's allegations in the appeal against Powell and Carrasco were sufficient for prison officials to understand the excessive force claims against these Defendants. However, the contents of the appeal with respect to Defendants Martin, Wilson, Ruiz, Meyer, Gudino, Lopez and Krossa were insufficient to notify prison officials of the problem. Simply listing these Defendants in an inmate appeal does not alert prison officials to the nature of the grievance. That Krossa gave Plaintiff his insulin shot, Wilson contacted a nurse and Gudino provided an appeal form do not even describe a problem for prison officials to investigate. Nor is there any indication in the appeal that Plaintiff had a grievance against Martin for simply opening a cell door prior to the assault. Similar to Griffin, Plaintiff failed in his appeal to properly alert prison officials to the nature of his grievance. Moreover, there were many other named parties in the appeal, so

it would be difficult for prison officials to interpret who Plaintiff was filing a grievance about and what information was just provided for background. Therefore, the motion to dismiss will be granted as to these defendants.

## CONCLUSION[1]

For the reasons stated above, the Court orders as follows:

1. The motion to dismiss (Docket No. 32) is GRANTED in part, in that Defendants Martin, Wilson, Ruiz, Meyer, Gudino, Lopez and Krossa are dismissed from this action for Plaintiff's failure to properly exhaust the claims against them. The motion to dismiss is DENIED as to Defendants Powell and Carrasco.

2. No later than **fifty-six (56) days** from the date of this order, Defendants Powell and Carrasco shall file a motion for summary judgment.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

   a. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under** <u>Rand v. Rowland</u>, **154 F.3d 952, 963 (9th Cir. 1998) (en banc).** <u>See</u>

---

[1] In the motion to dismiss, Defendants also argued that Plaintiff filed the appeal late, if it was construed to describe the August 18, 2009, incident. In his opposition, Plaintiff states he earlier attempted to file the grievance by giving it to a prison official who failed to file it, thus plaintiff had to file this copy later. Defendants do not address this argument in their reply, thus the Court will assume the appeal was timely filed.

**Woods v. Carey, 684 F.3d 934, 941 (9th Cir. 2012)**

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This motion terminates Docket No. 32.

DATED: 12/21/12

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALFRED R KIDD et al,

        Plaintiff,

v.

B POWELL et al,

        Defendant.

        Case Number: CV11-04260 EJD

        **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 27, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alfred R. Kidd K-55068
California Men's Colony State Prison
P. O. Box 8101
San Luis Obispo, CA 93409

Dated: December 27, 2012

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk